## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JOSHUA J. CORREIA and           :
KATIE M. MICHELETTI, individually   :
and as parents and next friends of their  :
minor children HNC, NRC and CDC   :
                                   :
    VS.                       :   C.A. No.: 1-24-CV-00183-JJM-PAS
                                   :
MARINE TRAVELIFT, INC.;       :
RKL SOLUTIONS INC. d/b/a      :
MARTIN WALTER COMPANY;     :
ELECTRONIC CONTROLS        :
COMPANY d/b/a ECCO;          :
FASTENAL COMPANY; and       :
JKA SOLUTIONS, LLC          :

## FIRST AMENDED COMPLAINT

### JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2.     Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 at least because a substantial part of the events or omissions giving rise to the claim(s) occurred in Rhode Island.

### PARTIES

3.     Plaintiff Joshua J. Correia is a resident and citizen of Bristol, Rhode Island, the husband of Plaintiff Katie M. Micheletti, and the father of his minor children

HNC, NRC and CDC.  Plaintiff brings suit on his own behalf and on behalf of his minor children as their parent and next friend.

4.    Plaintiff Katie M. Micheletti is a resident and citizen of Bristol, Rhode Island, the wife of Plaintiff Joshua J. Correia, and the mother of her minor children HNC, NRC and CDC.  Plaintiff brings suit on her own behalf and on behalf of her minor children as their parent and next friend.

5.    Defendant Marine Travelift, Inc., [hereinafter "Marine Travelift"] is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in that state.  At all relevant times mentioned, Defendant Marine Travelift transacted business in the State of Rhode Island, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

6.    Defendant RKL Solutions Inc. d/b/a Martin Walter Company, [hereinafter "Martin Walter Company"] is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located in that state.  At all relevant times mentioned, Defendant Martin Walter Company was registered to do business in the State of Rhode Island, was in fact doing business in the State of Rhode Island, and had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

7.    Defendant Electronic Controls Company d/b/a ECCO [hereinafter "ECCO"] is a business entity organized and existing under the laws of the State of Idaho with its principal place of business located in that state.  At all relevant times

2

mentioned, Defendant ECCO transacted business in the State of Rhode Island, and otherwise had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

8.    Defendant Fastenal Company [hereinafter "Fastenal"] is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located in that state.  At all relevant times mentioned, Defendant Fastenal was registered to do business in the State of Rhode Island, was in fact doing business in the State of Rhode Island, and had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

9.    Defendant JKA Solutions, LLC, [hereinafter "JKA Solutions"] is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located in the Commonwealth of Massachusetts. At all relevant times mentioned, Defendant JKA Solutions was registered to do business in the State of Rhode Island, was in fact doing business in the State of Rhode Island, and had sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court.

**FACTS**

10.    On or about December 1, 2023, Plaintiff Joshua J. Correia was working as a rigger at Safe Harbor Newport Shipyard, 1 Washington Street, Newport, Rhode Island when he was catastrophically injured by a marine forklift.

11.    The marine forklift which injured Joshua J. Correia on December 1, 2023, is a model M2800HS Hydrostatic Transmission Forklift, Serial Number 1213-1218 that

was designed and manufactured by Defendant Marine Travelift in or about 2018 (the "Subject Forklift"). As designed, the Subject Forklift did not have an active alert system or anti-collision system as standard equipment.

12.     The Subject Forklift was equipped with, amongst other components, a back-up alarm that is intended to sound when the vehicle is traveling in reverse and is supposed to self-adjust for ambient noise level in order to audibly warn people in the area that the machine is backing up (the "Back-Up Alarm"). The Back-Up Alarm was designed and/or manufactured and/or sold to Marine Travelift by Defendants ECCO and/or Fastenal.

13.     The Back-Up Alarm is a Model 1048 preco-matic self-adjusting alarm that has a sound output range of 82-107 dB(A) and was supposed to automatically adjust its sound output level to 10 dB ± 4 dB above the ambient noise level when the Subject Forklift was being operated in reverse. The Back-Up Alarm was assembled on August 13, 2018.

14.     In or around 2018, and thereafter, Defendants Martin Walter Company, JKA Solutions and/or Marine Travelift, by and through their agents, servants and/or employees, assembled, installed and/or serviced the Subject Forklift and Back-Up Alarm.

15.     In or around 2018, Safe Harbor Newport Shipyard and/or its predecessor(s) in interest took possession of the Subject Forklift inclusive of the Back-Up Alarm.

4

16.     On or about December 1, 2023, the Subject Forklift was being operated in reverse toward Plaintiff Joshua J. Correia who was standing facing away from the vehicle and could not see it approaching him.

17.     At that time, the Back-Up Alarm, as installed by Marine Travelift and/or its agents, did not comply with applicable regulations promulgated by the Occupational Safety and Health Administration (OSHA), the International Organization for Standardization (ISO), National Institute for Occupational Safety and Health (NIOSH) and/or the manufacturer of the Back-Up Alarm concerning minimum audible sound levels for back-up alarms on material handling equipment.  As such, the Back-Up Alarm was not sufficiently audible so as to warn Plaintiff Joshua J. Correia that the vehicle was approaching him.

18.     Plaintiff Joshua J. Correia, who was exercising due care, was unaware of the fact that he was in imminent danger of being run over by the Subject Forklift and he was, in fact, run over by Subject Forklift.  Plaintiff Joshua J. Correia sustained catastrophic crush injuries, including but not limited to injuries which required him to undergo hemipelvectomies of both his right and left lower extremities.

## COUNT I
## NEGLIGENCE – MARINE TRAVELIFT, INC.

19.     Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

20.     At all relevant times, Defendant Marine Travelift, by and through its agents, servants and employees, was engaged in the business of designing,

5

manufacturing, assembling, marketing, distributing, servicing and/or selling/leasing marine forklifts, inclusive of all component parts.

21.     Defendant Marine Travelift owed a duty to purchasers and/or users and/or those working around the Subject Forklift, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, servicing and selling/leasing the same.

22.     Defendant Marine Travelift owed a duty to purchasers and/or users and/or those working around the Subject Forklift, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the Subject Forklift.

23.     Defendant Marine Travelift breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent in designing, manufacturing, assembling, marketing, distribution, servicing and/or selling/leasing of the Subject Forklift, and its negligence caused the incident hereinbefore described.

24.     Defendant Marine Travelift breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Subject Forklift.

25.     As a direct and proximate result of the negligence of Defendant Marine Travelift, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system,

was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

26.    As a direct and proximate result of the negligence of Defendant Marine Travelift and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

27.    As a direct and proximate result of the negligence of Defendant Marine Travelift and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Marine Travelift, Inc. for compensatory damages, plus interest and costs.

**COUNT II**
**STRICT LIABILITY – MARINE TRAVELIFT, INC.**

28.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

29.    The Subject Forklift was designed, manufactured, assembled, marketed, distributed, sold/leased and placed into the stream of commerce by Defendant Marine Travelift in a defective and unreasonably dangerous condition for reasons including

7

but not limited to the fact that the Back-Up Alarm was inaudible, and because the Subject Forklift contained other design and manufacturing defects.

30. The Subject Forklift was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant Marine Travelift, and its condition remained substantially unchanged up to and including the time of the incident on December 1, 2023 as aforesaid.

31. Plaintiff Joshua J. Correia had no knowledge, or reason to know, of the defective condition of the Subject Forklift.

32. At all relevant times, the Subject Forklift was used in the manner and for the purpose intended.

33. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, the incident of December 1, 2023 occurred in the manner hereinbefore described.

34. Due to the defective and unreasonably dangerous condition of the Subject Forklift and resulting injuries to Plaintiff Joshua J. Correia, Defendant Marine Travelift is strictly liable to the Plaintiffs for damages.

35. Defendant Marine Travelift failed to warn purchasers and/or users and/or those working around its product, including Plaintiff Joshua J. Correia, of the unreasonably dangerous and defective condition of the Subject Forklift. Due to its failure to warn, Defendant Marine Travelift is strictly liable to the Plaintiff for damages.

8

36.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

37.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

38.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Marine Travelift, Inc. for compensatory damages, plus interest and costs.

## COUNT III
## BREACH OF WARRANTIES – MARINE TRAVELIFT, INC.

39.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

40.    At all relevant times, Defendant Marine Travelift expressly and impliedly warranted to all expected and foreseeable users of the Subject Forklift, including Plaintiff Joshua J. Correia, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

41.    Plaintiff Joshua J. Correia at all times relied upon the aforesaid express and implied warranties.

42.    At all relevant times, the Subject Forklift was being used for the purposes for which it was intended and in a foreseeable manner.  Nevertheless, the Subject Forklift was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

43.    As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Marine Travelift, Plaintiff Joshua J. Correia suffered catastrophic personal injuries on December 1, 2023.

44.    As a direct and proximate result of Defendant Marine Travelift's breach of warranties as aforesaid, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in

10

the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

45.    As a direct and proximate result of Defendant Marine Travelift's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

46.    As a direct and proximate result of Defendant Marine Travelift's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and Cash D. Correira all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Marine Travelift, Inc. for compensatory damages, plus interest and costs.

**COUNT IV**
**NEGLIGENCE – RKL SOLUTIONS INC.**
**D/B/A MARTIN WALTER COMPANY**

47.    At all relevant times, Defendant Martin Walter Company, by and through its agents, servants and employees, was engaged in the business of assembling, installing and servicing forklifts, inclusive of all component parts such as back-up travel alarms, for consumer purchase and use inclusive of the Subject Forklift.

48.    Defendant Martin Walter Company owed a duty to purchasers and/or users and/or those working near the marine forklifts that it assembled, installed and

11

serviced, inclusive of the Subject Forklift, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of such marine forklifts.

49.     Defendant Martin Walter Company owed a duty to purchasers and/or users and/or those working near the marine forklifts that it assembled, installed and serviced, inclusive of the Subject Forklift, to exercise reasonable care in assembling, installing and servicing the same.

50.     Defendant Martin Walter Company breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent in its assembly, installation and servicing of the Subject Forklift, and its negligence caused the incident hereinbefore described.

51.     Defendant Martin Walter Company breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Subject Forklift.

52.     As a direct and proximate result of the negligence of Defendant Martin Walter Company, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to

pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

53.    As a direct and proximate result of the negligence of Defendant Martin Walter Company and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

54.    As a direct and proximate result of the negligence of Defendant Martin Walter Company and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant RKL Solutions Inc. d/b/a Martin Walter Company for compensatory damages, plus interest and costs.

### COUNT V
### STRICT LIABILITY – RKL SOLUTIONS INC.
### D/B/A MARTIN WALTER COMPANY

55.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

56.    The Subject Forklift was assembled, installed and placed into the stream of commerce by Defendant Martin Walter Company in a defective and unreasonably dangerous condition for reasons including but not limited to the fact that the Back-Up Alarm was inaudible, and because the Subject Forklift contained other design and manufacturing defects.

57.     The Subject Forklift was in a defective and unreasonably dangerous condition at the time it left the facilities and/or control of Defendant Martin Walter Company, and its condition remained substantially unchanged up to and including the time of the incident on December 1, 2023 as aforesaid.

58.     Plaintiff Joshua J. Correia had no knowledge, or reason to know, of the defective condition of the Subject Forklift.

59.     At all relevant times, the Subject Forklift was used in the manner and for the purpose intended.

60.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, the incident of December 1, 2023 occurred in the manner hereinbefore described.

61.     Due to the defective and unreasonably dangerous condition of the Subject Forklift and resulting injuries to Plaintiff Joshua J. Correia, Defendant Martin Walter Company is strictly liable to the Plaintiff for damages.

62.     Defendant Martin Walter Company failed to warn purchasers and/or users of its product, including Plaintiff Joshua J. Correia, of the unreasonably dangerous and defective condition of the Subject Forklift.  Due to its failure to warn, Defendant Martin Walter Company is strictly liable to the Plaintiff for damages.

63.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered

14

and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

64.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

65.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant RKL Solutions Inc. d/b/a Martin Walter Company for compensatory damages, plus interest and costs.

<u>**COUNT VI**</u>
<u>**BREACH OF WARRANTIES – RKL SOLUTIONS INC.**</u>
<u>**D/B/A MARTIN WALTER COMPANY**</u>

66.     Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

67.     At all relevant times, Defendant Martin Walter Company expressly and impliedly warranted to all expected and foreseeable users of the Subject Forklift, including Plaintiff Joshua J. Correia, that the same was merchantable, fit for the

ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

68.    Plaintiff Joshua J. Correia at all times relied upon the aforesaid express and implied warranties.

69.    At all relevant times, the Subject Forklift was being used for the purposes for which it was intended and in a foreseeable manner.  Nevertheless, the Subject Forklift was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable

70.    As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Martin Walter Company, Plaintiff Joshua J. Correia suffered catastrophic personal injuries on December 1, 2023.

71.    As a direct and proximate result of Defendant Martin Walter Company's breach of warranties as aforesaid, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

72.    As a direct and proximate result of Defendant Martin Walter Company's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as

aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

73. As a direct and proximate result of Defendant Martin Walter Company's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant RKL Solutions Inc. d/b/a Martin Walter Company for compensatory damages, plus interest and costs.

**COUNT VII**
**NEGLIGENCE – ELECTRONIC CONTROLS COMPANY d/b/a ECCO**

74. Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

75. At all relevant times, Defendant ECCO, by and through its agents, servants and employees, was engaged in the business of designing, manufacturing, assembling, marketing, distributing and selling safety alarms for consumer purchase and use inclusive of the Back-Up Alarm.

76. Defendant ECCO owed a duty to purchasers and/or users and/or those working around its back-up safety alarms, inclusive of the Back-Up Alarm, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of its travel alarms.

77.    Defendant ECCO owed a duty to purchasers and/or users and/or those working around the safety alarms that it designed, manufactured, assembled, marketed, distributed and sold, inclusive of the Back-Up Alarm, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing and selling the same.

78.    Defendant ECCO breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent in its design, manufacture, assembly, marketing, distribution and sale of the Back-Up Alarm, and its negligence caused the incident hereinbefore described.

79.    Defendant ECCO breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Back-Up Alarm.

80.    As a direct and proximate result of the negligence of Defendant ECCO, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

81.     As a direct and proximate result of the negligence of Defendant ECCO and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

82.     As a direct and proximate result of the negligence of Defendant ECCO and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Electronic Controls Company d/b/a ECCO for compensatory damages, plus interest and costs.

### COUNT VIII
### STRICT LIABILITY – ELECTRONIC CONTROLS COMPANY d/b/a ECCO

83.     Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

84.     The Back-Up Alarm was designed, manufactured, assembled, marketed, distributed, sold, and placed into the stream of commerce by Defendant ECCO in a defective and unreasonably dangerous condition.

85.     The Back-Up Alarm was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant ECCO, and its condition remained substantially unchanged up to and including the time of the incident on December 1, 2023 as aforesaid.

19

86.     Plaintiff Joshua J. Correia had no knowledge, or reason to know, of the defective condition of the Back-Up Alarm.

87.     At all relevant times, the Back-Up Alarm was used in the manner and for the purpose intended.

88.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm, the incident of December 1, 2023 occurred in the manner hereinbefore described.

89.     Due to the defective and unreasonably dangerous condition of the Back-Up Alarm and resulting injuries to Plaintiff Joshua J. Correia, Defendant ECCO is strictly liable to the Plaintiff for damages.

90.     Defendant ECCO failed to warn purchasers and/or users of its product, including Plaintiff Joshua J. Correia, of the unreasonably dangerous and defective condition of the Back-Up Alarm. Due to its failure to warn, Defendant ECCO is strictly liable to the Plaintiff for damages.

91.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

92.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

93.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Electronic Controls Company d/b/a ECCO for compensatory damages, plus interest and costs.

**COUNT IX**
**BREACH OF WARRANTIES – ELECTRONIC CONTROLS COMPANY**
**d/b/a ECCO**

94.     Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

95.     At all relevant times, Defendant ECCO expressly and impliedly warranted to all expected and foreseeable users of the Back-Up Alarm, including Plaintiff Joshua J. Correia, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

96.     Plaintiff Joshua J. Correia at all times relied upon the aforesaid express and implied warranties.

97.     At all relevant times, the Back-Up Alarm was being used for the purposes for which it was intended and in a foreseeable manner.  Nevertheless, the Back-Up Alarm was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

98.     As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant ECCO, Plaintiff Joshua J. Correia suffered catastrophic personal injuries on December 1, 2023.

99.     As a direct and proximate result of Defendant ECCO's breach of warranties as aforesaid, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

100.    As a direct and proximate result of Defendant ECCO's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

101.    As a direct and proximate result of Defendant ECCO's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, HNC,

NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Electronic Controls Company d/b/a ECCO for compensatory damages, plus interest and costs.

**COUNT X**
**NEGLIGENCE – FASTENAL COMPANY**

102.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

103.    At all relevant times, Defendant Fastenal, by and through its agents, servants and employees, was engaged in the business of assembling, installing, servicing and/or selling safety alarms, inclusive of the Back-Up Alarm.

104.    Defendant Fastenal owed a duty to purchasers and/or users and/or those working around the safety alarms they assembled, installed, serviced and/or sold, inclusive of the Back-Up Alarm, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of such safety alarms.

105.    Defendant Fastenal owed a duty to purchasers and/or users and/or those working around the safety alarms that it assembled, installed, serviced and/or sold, inclusive of the Back-Up Alarm, to exercise reasonable care in assembling, installing and servicing the same.

106.    Defendant Fastenal breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent in its assembly, installation, servicing and/or

selling of the Back-Up Alarm, and its negligence caused the incident hereinbefore described.

107.    Defendant Fastenal breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent by failing to warn him of the risks and dangers that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Back-Up Alarm.

108.    As a direct and proximate result of the negligence of Defendant Fastenal, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

109.    As a direct and proximate result of the negligence of Defendant Fastenal and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

110.    As a direct and proximate result of the negligence of Defendant Fastenal and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Fastenal Company for compensatory damages, plus interest and costs.

## COUNT XI
## STRICT LIABILITY – FASTENAL COMPANY

111.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

112.    The Back-Up Alarm was assembled, installed, sold, and/or placed into the stream of commerce by Defendant Fastenal in a defective and unreasonably dangerous condition.

113.    The Back-Up Alarm was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant Fastenal, and its condition remained substantially unchanged up to and including the time of the incident on December 1, 2023 as aforesaid.

114.    Plaintiff Joshua J. Correia had no knowledge, or reason to know, of the defective condition of the Back-Up Alarm.

115.    At all relevant times, the Back-Up Alarm was used in the manner and for the purpose intended.

116.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm, the incident of December 1, 2023 occurred in the manner hereinbefore described.

117.    Due to the defective and unreasonably dangerous condition of the Back-Up Alarm and resulting injuries to Plaintiff Joshua J. Correia, Defendant Fastenal is strictly liable to the Plaintiff for damages.

118.    Defendant Fastenal failed to warn purchasers and/or users and/or those working around its product, including Plaintiff Joshua J. Correia, of the unreasonably dangerous and defective condition of the Back-Up Alarm. Due to its failure to warn, Defendant Fastenal is strictly liable to the Plaintiff for damages.

119.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

120.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

121.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Back-Up Alarm and Joshua J. Correia's subsequent injuries,

as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Fastenal Company for compensatory damages, plus interest and costs.

## COUNT XII
## BREACH OF WARRANTIES – FASTENAL COMPANY

122. Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

123. At all relevant times, Defendant Fastenal expressly and impliedly warranted to all expected and foreseeable users of the Back-Up Alarm, including Plaintiff Joshua J. Correia, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

124. Plaintiff Joshua J. Correia at all times relied upon the aforesaid express and implied warranties.

125. At all relevant times, the Back-Up Alarm were being used for the purposes for which they were intended and in a foreseeable manner. Nevertheless, the Back-Up Alarm were defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

126.    As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant Fastenal, Plaintiff Joshua J. Correia suffered catastrophic personal injuries on December 1, 2023.

127.    As a direct and proximate result of Defendant Fastenal's breach of warranties as aforesaid, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

128.    As a direct and proximate result of Defendant Fastenal's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

129.    As a direct and proximate result of Defendant Fastenal's breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant Fastenal Company for compensatory damages, plus interest and costs.

## COUNT XIII
## NEGLIGENCE – JKA SOLUTIONS, LLC

130.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

131.    At all relevant times, Defendant JKA Solutions, by and through its agents, servants and employees, was engaged in the business of assembling, installing and servicing forklifts, inclusive of all component parts such as back-up travel alarms, for consumer purchase and use inclusive of the Subject Forklift.

132.    Defendant JKA Solutions owed a duty to purchasers and/or users and/or those working near the marine forklifts that it assembled, installed and serviced, inclusive of the Subject Forklift, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of such marine forklifts.

133.    Defendant JKA Solutions owed a duty to purchasers and/or users and/or those working near the marine forklifts that it assembled, installed and serviced, inclusive of the Subject Forklift, to exercise reasonable care in assembling, installing and servicing the same.

134.    Defendant JKA Solutions breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent in its assembly, installation and servicing of the Subject Forklift, and its negligence caused the incident hereinbefore described.

135.    Defendant JKA Solutions breached the duty it owed to Plaintiff Joshua J. Correia and was, otherwise, negligent by failing to warn him of the risks and dangers

that were known, or should reasonably have been known to this defendant, and that were, otherwise, reasonably foreseeable and inherent in the use of the Subject Forklift.

136.   As a direct and proximate result of the negligence of JKA Solutions, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

137.   As a direct and proximate result of the negligence of Defendant JKA Solutions and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

138.   As a direct and proximate result of the negligence of Defendant JKA Solutions and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant JKA Solutions, LLC for compensatory damages, plus interest and costs.

## COUNT XIV
## STRICT LIABILITY – JKA SOLUTIONS, LLC

139.    Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

140.    The Subject Forklift was assembled, installed and placed into the stream of commerce by Defendant JKA Solutions in a defective and unreasonably dangerous condition for reasons including but not limited to the fact that the Back-Up Alarm was inaudible, and because the Subject Forklift contained other design and manufacturing defects.

141.    The Subject Forklift was in a defective and unreasonably dangerous condition at the time it left the facilities and/or control of Defendant JKA Solutions, and its condition remained substantially unchanged up to and including the time of the incident on December 1, 2023 as aforesaid.

142.    Plaintiff Joshua J. Correia had no knowledge, or reason to know, of the defective condition of the Subject Forklift.

143.    At all relevant times, the Subject Forklift was used in the manner and for the purpose intended.

144.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, the incident of December 1, 2023 occurred in the manner hereinbefore described.

31

145.    Due to the defective and unreasonably dangerous condition of the Subject Forklift and resulting injuries to Plaintiff Joshua J. Correia, Defendant JKA Solutions is strictly liable to the Plaintiff for damages.

146.    Defendant JKA Solutions failed to warn purchasers and/or users of its product, including Plaintiff Joshua J. Correia, of the unreasonably dangerous and defective condition of the Subject Forklift. Due to its failure to warn, Defendant Martin Walter Company is strictly liable to the Plaintiff for damages.

147.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

148.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

149.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift and Joshua J. Correia's subsequent injuries,

as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant JKA Solutions, LLC for compensatory damages, plus interest and costs.

## COUNT XV
## BREACH OF WARRANTIES – JKA SOLUTIONS, LLC

150. Plaintiffs re-state and incorporate by reference the preceding paragraphs, and each of them, as if fully set forth herein.

151. At all relevant times, Defendant JKA Solutions expressly and impliedly warranted to all expected and foreseeable users of the Subject Forklift, including Plaintiff Joshua J. Correia, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable and ordinary manner.

152. Plaintiff Joshua J. Correia at all times relied upon the aforesaid express and implied warranties.

153. At all relevant times, the Subject Forklift was being used for the purposes for which it was intended and in a foreseeable manner. Nevertheless, the Subject Forklift was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

154. As a direct and proximate result of his reliance on the aforesaid warranties and the breach thereof by Defendant JKA Solutions, Plaintiff Joshua J. Correia suffered catastrophic personal injuries on December 1, 2023.

155.     As a direct and proximate result of Defendant JKA Solutions' breach of warranties as aforesaid, Plaintiff Joshua J. Correia was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has experienced a loss of wages and will experience a loss of future earning capacity, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and Plaintiff otherwise was and is permanently injured.

156.     As a direct and proximate result of Defendant JKA Solutions' breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, Plaintiff Katie M. Micheletti experienced and will in the future experience a loss of spousal consortium pursuant to R.I. Gen. Laws § 9-1-41.

157.     As a direct and proximate result of Defendant JKA Solutions' breach of warranties as aforesaid and Joshua J. Correia's subsequent injuries, as aforesaid, HNC, NRC and CDC all experienced and will in the future all experience a loss of their father's society and companionship pursuant to R.I. Gen. Laws § 9-1-41.

WHEREFORE, Plaintiffs demand judgment against Defendant JKA Solutions, LLC for compensatory damages, plus interest and costs.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury and designate Jeffrey A. Mega, Esq. as trial counsel.

Plaintiffs,

JOSHUA J. CORREIA and
KATIE M. MICHELETTI, individually
and as parents and next friends of their
minor children HNC,
NRC and CDC

By their Attorneys,

Decof, Mega & Quinn, P.C.
One Smith Hill
Providence, RI  02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641
Email:  jam@decof.com; mjs@decof.com

/s/   Jeffrey A. Mega
Jeffrey A. Mega            Bar No. 6441

/s/   Michael J. Stevenson
Michael J. Stevenson       Bar No. 6642

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, a copy of the within document was electronically filed and served through the ECF system with notice to the following attorneys of record in this matter:

Kurt A. Rocha, Esq.
Melick & Porter, LLP
One Richmond Square, Suite 230E
Providence, RI  02906
krocha@melicklaw.com

Michael R. DeLuca, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI  02903
mrd@gsm-law.com

Peter F. Carr, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA  02110
pcarr@eckertseamans.com

Martin K. DeMagistris, Esq.
Olenn & Penza, LLP
530 Greenwich Avenue
Warwick, RI  02886
mkd@olenn-penza.com

Nicholas J. Sansone, Sr., Esq.
*(Pro Hac Vice)*
Donnelly, Petrycki & Sansone, P.C.
2201 Executive Building
Route 38, Suite 300
Cherry Hill, NJ  08002
nsansone@donnellypetrycki.com

/s/ Michael J. Stevenson
Decof, Mega & Quinn, P.C.

Correia P002

36