UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA J. CORREIA et al.
    *Plaintiffs*,

v.   C.A. No. 1:24−cv−00183−JJM−PAS

MARINE TRAVELIFT, INC., RKL SOLUTIONS INC., d/b/a MARTIN WALTER COMPANY; ELECTRONIC CONTROLS COMPANY d/b/a ECCO; FASTENAL COMPANY; and JKA SOLUTIONS, LLC
    *Defendants.*

### ANSWER OF DEFENDANT, MARINE TRAVELIFT, INC. TO PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Defendant, Marine Travelift, Inc. and hereby responds to Plaintiffs' Amended Complaint as follows:

### FIRST DEFENSE

Defendant, Marine Travelift, Inc. admits that it is a Wisconsin corporation with a principal place of business in Wisconsin. Defendant, Marine Travelift, Inc. otherwise denies all remaining allegations in the Complaint and leaves Plaintiffs to their burden of proof.

### SECOND DEFENSE

The defendant denies that Plaintiffs are entitled to the damages claimed or to the relief demanded.

### THIRD DEFENSE

The defendant states that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party.

### FOURTH DEFENSE

The defendant states that the Plaintiffs' complaint fails to state causes of action for negligence, breach of express and implied warranties, and strict liability upon which relief could be granted.

## FIFTH DEFENSE

The defendant states that the Plaintiffs have failed to join a party or parties necessary for the just adjudication of this matter and has further omitted to state any reason for such failure.

## SIXTH DEFENSE

The defendant states that the Plaintiffs willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

## SEVENTH DEFENSE

The defendant states that the Plaintiffs' claims against this defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of this defendant but were caused solely by the acts of a third-party or parties for whose acts or failure to act this defendant is not responsible.

## EIGHTH DEFENSE

The defendant states that the plaintiffs were not in exercise of due care, but rather the negligence of the plaintiff contributed to or caused the injury or damage complained of, wherefore, the recovery of the Plaintiffs is barred in whole or in part, or is subject to diminution.

## NINTH DEFENSE

The defendant states that the injuries and the damages complained of were caused in whole or in part by the negligence of the plaintiffs or their servants or agents, such that he or she is guilty of comparative negligence.

## TENTH DEFENSE

The defendant states that the plaintiffs are guilty of comparative negligence and that damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiffs.

## ELEVENTH DEFENSE

The defendant states that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to their alleged injury to such an extent that the Plaintiffs are barred from recovery.

## TWELFTH DEFENSE

The defendant states that at no time did it enter into any contract with the plaintiff and denies that privity of contract existed between the plaintiff and the defendant.

### THIRTEENTH DEFENSE

The defendant gave no special warranties, either express or implied, to the plaintiff or to anyone acting on his or their behalf.

### FOURTEENTH DEFENSE

The defendant states that any claim the plaintiff may have based on alleged breaches of express or implied warranties (allegations which the defendant specifically denies) is barred because the plaintiff was not in privity of contract with the defendant.

### FIFTEENTH DEFENSE

The defendant states that if there were express or implied warranties as alleged in the complaint (allegations which the defendant specifically denies), the plaintiff was not within the scope of any such alleged warranties because he was not a purchaser, and no sale to the plaintiff ever occurred of any product sold or distributed by the defendant.

### SIXTEENTH DEFENSE

The defendant states that if the defendant, its agents or servants made any warranties, express or implied, (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

### SEVENTEENTH DEFENSE

The defendant states that if the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff.

### EIGHTEENTH DEFENSE

The defendant states that the plaintiff failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable statutes.

### NINETEENTH DEFENSE

The defendant states that the failure of the plaintiff to give the required statutory notice of the alleged breaches of warranties to the defendant resulted in delay and prejudice to the defendant in this case, and, therefore, the Plaintiff cannot recover.

### TWENTIETH DEFENSE

The defendant states that the plaintiff was not a third-party beneficiary with reference to any alleged warranties, either express or implied, and therefore the plaintiff cannot recover in this action.

TWENTY-FIRST DEFENSE

The defendant states that if it failed to perform any of its agreements contained in any instrument, all of which it specifically denies, it was excused from the performance of such agreements.

TWENTY-SECOND DEFENSE

The defendant states that if it were liable, negligent or in breach of any warranty, all of which it expressly denies, the defendant's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct the defendant is not legally responsible.

TWENTY-THIRD DEFENSE

The defendant states that if the Plaintiff prove that she was injured as alleged, said injuries were caused by intervening and/or superseding acts of third persons for whom the defendant is not liable.

TWENTY-FOURTH DEFENSE

The defendant states that the complaint should be dismissed pursuant to Super. R. Civ. P. 12(b)(2) for lack of jurisdiction over the person.

TWENTY-FIFTH DEFENSE

The defendant states that the Plaintiffs' claims are barred by estoppel or waiver.

TWENTY-SIXTH DEFENSE

The defendant denies that any product manufactured or sold by the defendant caused injury to the plaintiff.

TWENTY-SEVENTH DEFENSE

The defendant denies that there was any defect or negligent processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any product or material referred to in the Plaintiffs' complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

TWENTY-EIGHTH DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff and/or other persons without the defendant's knowledge and approval redesigned, modified, altered and used the defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character, that if there was a defect in the product, which the defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and not from any act or omission by this defendant. Therefore, said defect, if any, was created by the plaintiff and/or other person(s), as the case may be, and was the direct and proximate cause of the injuries and damages, if any that the plaintiff allegedly suffered.

TWENTY-NINTH DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff and/or other person(s) used this defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed; Plaintiffs' injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the plaintiff and/or such other parties and persons.

THIRTIETH DEFENSE

The defendant states that the Plaintiffs have failed to mitigate damages and are, therefore, barred from recovery.

THIRTY-FIRST DEFENSE

The defendant states that it is not liable to the plaintiffs pursuant to the bulk supplier doctrine.

THIRTY-SECOND DEFENSE

The defendant denies any and all liability asserted against it by virtue of the sophisticated user doctrine(s).

THIRTY-THIRD DEFENSE

The defendant states that if the plaintiff have heretofore settled or should hereafter settle for any of the alleged injuries and damages with any parties, then the defendant is entitled to a credit or set off in the amount of said settlement.

THIRTY-FOURTH DEFENSE

The defendant states that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff or their servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damage was sustained.

### THIRTY-FIFTH DEFENSE

The defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiff or malice (actual, legal or otherwise) on the part of the defendant as to the plaintiffs herein.

### THIRTY-SIXTH DEFENSE

The defendant states that the complaint should be dismissed pursuant to Super. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter.

### THIRTY-SEVENTH DEFENSE

The defendant states that the complaint should be dismissed pursuant to Super. R. Civ. P. 12(b)(3) for improper venue.

### THIRTY-EIGHTH DEFENSE

The defendant states that the complaint should be dismissed pursuant to Super. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### THIRTY-NINTH DEFENSE

The defendant states that the complaint should be dismissed pursuant to Super. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced, wherefore the Plaintiffs are barred from recovery.

WHEREFORE, the defendant, Marine Travelift, Inc. prays that this Court:

1. Order judgment be entered for said defendant with respect to all claims set forth in the Complaint;
2. Award said defendant costs, including reasonable attorneys' fees; and,
3. Grant such other and further relief as may be just and proper.

DEFENDANT, MARINE TRAVELIFT, INC., DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES IN THE PLAINTIFFS' COMPLAINT.

> The Defendant,
> MARINE TRAVELIFT, Inc.,
> By its Attorneys,
> MELICK & PORTER, LLP
>
> /s/ Kurt A. Rocha

Kurt A. Rocha, # 8591
Melick & Porter, LLP
One Richmond Square, Suite 230E
Providence, RI 02906
T: (401) 941-0909
F: (401) 941-6269
krocha@melicklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the within document was electronically submitted to the Electronic Case Filing System of the United States District Court for its distribution to the following counsel of record on July 12, 2024:

Jeffrey A. Mega
Decof, Mega & Quinn, P.C.
One Smith Hill
Providence, RI 02903
401-272-1110
Fax: 401-351-6641
jam@decof.com

Peter F. Carr, II
Eckert, Seamans, Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
617-342-6857
Fax: 617-342-6899
pcarr@eckertseamans.com

Martin K. DeMagistris, Esq.
Olenn & Penza, LLP
530 Greenwich Avenue
Warwick, RI 02886
mkd@olenn-penza.com

Nicholas J. Sansone, Sr., Esq.
Donnelly, Petrycki & Sansone, P.C.
2201 Executive Building
Route 38, Suite 300
Cherry Hill, NJ 08002
nsansone@donnellypetrycki.com

/s/ Kurt Rocha
Kurt Rocha