UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA J. CORREIA, et al.,      : <br>       Plaintiffs,      : <br>       : <br> v.      : <br>       : <br> MARINE TRAVELIFT, INC., et al.,      : <br>       Defendants.      : | C.A. No. 24-183-JJM |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Defendant Marine Travelift, Inc. ("MTI") to strike objections and compel further responses to requests for production from Plaintiff Katie Micheletti. ECF No. 94. The motion is focused on a one page "journal" written by Plaintiff Micheletti as to which Plaintiffs have asserted the attorney client privilege. Id. at 3. After consideration of the parties' briefs, the Court directed Plaintiffs to make a submission for *in camera* review. Text Order of June 13, 2025. Finding that no hearing is necessary, for the reasons that follow, the Court sustains the assertion of the privilege and denies MTI's motion to strike objections and compel further responses.

Pursuant to Rhode Island privilege law (which is appliable to the privilege determination in this diversity-jurisdiction-based case pursuant to Fed. R. Evid. 501),[1] in order "to encourage full and frank communications between attorneys and their clients," it has long been recognized that "communications made by a client to his attorney for the purpose of seeking professional advice . . . are privileged communications not subject to disclosure." DeCurtis v. Visconti, Boren

---

[1] See Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 17 n.15 (1st Cir. 2012).

& Campbell, Ltd., 152 A.3d 413, 423 (R.I. 2017) (internal quotation marks omitted). The party asserting the privilege has the burden to set forth the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

State v. von Bulow, 475 A.2d 995, 1004-05 (R.I. 1984) (internal quotation marks omitted) (alterations in original).

Consistent with these principles, in a persuasive decision from the District of Connecticut, the protection of the attorney client privilege was sustained for notes that the client recorded for her lawyer at his direction regarding facts underlying her allegations in the case. Bernbach v. Timex Corp., 174 F.R.D. 9, 9-10 (D. Conn. 1997). In Bernbach, the court makes clear that the factual information contained in the notes is not protected. Id. at 10. Plaintiff Micheletti has not sought to prevent discovery of the facts reflected in the document; rather, as in Bernbach, the protection sought is for the document written at the direction of counsel to facilitate communication of the facts to counsel. See id. Bernbach further holds that whether the notes were contemporaneously read by the attorney does not alter their privileged character because "the notes were created by the client to communicate with her attorney to get legal advice." Id.; see, e.g., United States v. DeFonte, 441 F.3d 92, 96 (2d Cir. 2006) (per curiam) (district court erred in refusing attorney client protection for journal entries written by client as outline for attorney client conversation; such a writing outlining what client wishes to discuss with counsel may be privileged without regard to whether it was delivered to attorney); Beliveau

v. Town of Mansfield Mun. Elec. Dep't, Civil Action No. 04-11329-DPW, 2005 WL 8175808, at *1 (D. Mass. Sept. 8, 2005) (sustaining attorney client protection for "journal . . . kept at the direction of the attorney in connection with a request by [client] for legal advice"); Clark v. Buffalo Wire Works Co. Inc., 190 F.R.D. 93, 95-96 (W.D.N.Y. 1999) (sustaining attorney client privilege for client notes to facilitate confidential communication with attorneys, even though attorneys did not read them contemporaneously with their creation).

Applying these principles here, in reliance on the parties' submissions, including the *in camera* review, the Court finds that Plaintiffs met with their attorney of record for this case beginning on December 19, 2023, following which Plaintiff Micheletti, at the direction of the attorney, began to keep a journal for the purpose of communicating with the attorney regarding events as they occurred. Consistent with the assertion that it was prepared to facilitate attorney client communications, this document is titled: "JOSH Journal for Our Lawyers." ECF No. 107-2 at 2. Thus, it begins after the initiation of the attorney client relationship with an entry dated December 27, 2023, and has short, almost daily entries, until the last one dated January 29, 2024, for a total of twenty-nine entries. In response to discovery seeking this document, Plaintiffs appropriately asserted the attorney client privilege. ECF No. 94 at 3. During her deposition, Plaintiff Micheletti accurately described the journal as having been maintained for a short period to "keep my thought[s] . . . just quick little things." Id. at 13. She did not disclose any of the content of the journal; nor is there any evidence that the journal has not been maintained as confidential. See Beliveau, 2005 WL 8175808, at *1 & n.2 (privilege sustained despite client's failure to volunteer that journal was written at request of counsel during client's deposition). Further, the Court finds that Plaintiff Micheletti's testimonial reference to the fact that the communication occurred did not waive the privilege. See In re Grand Jury Proc., 219 F.3d 175,

188 (2d Cir. 2000) (waiver inquiry depends heavily on factual context in which privilege was allegedly waived).

      Based on the foregoing, the motion of Defendant MTI to strike objections and compel further responses to request for production from Plaintiff Katie Micheletti (ECF No. 94) is denied and Plaintiffs' assertion of the attorney client privilege is sustained. So that there is a record of what was submitted to the Court for the *in camera* review, the Court further directs the Clerk to docket under seal with court-access only the materials submitted for *in camera* review on June 16, 2025.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 23, 2025