UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSHUA J. CORREIA, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 24-183-JJM |
| | : | |
| MARINE TRAVELIFT, INC., et al., | : | |
| Defendants. | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of non-party Mr. Shawn Correia ("Mr. Correia") for a protective order which seeks to limit the ability of Defendants to depose him on oral examination as would normally be permitted pursuant to the Federal Rules of Civil Procedure. ECF No. 102. Specifically, Mr. Correia asks the Court to order that he can be deposed only by written questions, or alternatively, if the Court orders that the oral deposition must proceed, to bar the use of exhibits containing the audio/video of the incident in issue, including the camera footage/stills of the incident and body cam footage of the first responders. Id. at 2. The Court had a hearing (albeit prematurely)[1] on the difficult issues posed by the motion and now rules that the deposition must proceed on oral examination albeit with limits as described below.

This motion goes to the very core of the heartbreaking events on which this case is based. That is, the motion is made by Plaintiff's brother, who was the operator of the forklift that was

---

[1] When the motion was filed on May 29, 2025, it identified the date of the deposition as June 2, 2025. ECF No. 102. The Court promptly scheduled a hearing during which the parties advised that the deposition had been continued by agreement to allow for orderly briefing.

involved in Plaintiff's tragically catastrophic injury. Unsurprisingly, the emotional impact of the incident on Mr. Correia has been profound; it is undisputed that, due to the events in issue, he has been deemed incapacitated by post-traumatic stress disorder since the incident. His treating mental health provider has opined that sitting for his deposition as noticed "would be unduly injurious to [his] mental health" and that it would pose a "significant and unreasonable risk of [symptoms] being seriously and severely exacerbated." ECF No. 102-3 ¶¶ 8-9. Yet, it is also clear that Mr. Correia is one of the most important percipient witnesses in this case in that the information he may be able to provide goes to the very heart of the disputed facts regarding what occurred, as well as regarding the aftermath of the incident and its impact on his brother. Relatedly, it is clear that his credibility and demeanor could be pivotal discovery for the case. Thus, limiting the ability of Defendants to depose him on oral examination could seriously prejudice their ability to defend the case. Further, it is clear that Mr. Correia may well be called as a trial witness, either by Plaintiffs or by one or more of Defendants, so his deposition now is essential.

Rule 26(c) of the Federal Rules of Civil Procedure requires the party moving for a protective order to demonstrate "good cause" for limiting the discovery sought. Koninklijke Philips Electronics N.V. v. ZOLL Medical Corp., Civil No. 10-11041-NMG, 2013 WL 1833010, at *1 (D. Mass. Apr. 30, 2013) (internal quotation marks omitted). To meet this standard, the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements. Jennings v. Family Mgmt., 201 F.R.D. 272, 275 (D.D.C. 2001); see generally Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (finding of good cause must be based on particular factual demonstration of potential harm, not on conclusory statements). Because prohibiting the taking of a deposition is an "extraordinary measure . . . [t]he moving

party has a heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order." Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (internal quotation marks omitted). Protective orders prohibiting depositions are "rarely granted" and then only if the movant shows a "particular and compelling need" for such an order. Id. (internal quotation marks omitted). To make the determination, courts "apply a balancing test, weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." Hardy v. UPS Ground Freight, Inc., Civil Action No. 3:17-30162-MGM, 2019 WL 13144825, at *5 (D. Mass. Oct. 7, 2019) (internal quotation marks omitted).

Thus, in Jennings, the court rejected as conclusory and speculative the opinion of a psychologist that the deposition would "likely" create risk of great, potentially irreversible, harm for a plaintiff with depression and dementia and ordered that it must proceed, albeit that it should take place in the courtroom to allow the court to swiftly intervene if necessary, as well as be limited to afternoon hours. Jennings, 201 F.R.D. at 274-76. Similarly, in Estate of Chen v. Lingting Ye, 208 A.3d 1168 (R.I. 2019), the treating mental health provider opined that the deposition "will certainly worsen [the child's] mental health, and may have negative and lasting consequences to her condition," yet the Rhode Island Supreme Court found this opinion to be excessively conclusory and speculative, not the sort of "life-threatening or other serious conditions [that] would satisfy the good cause requirement under Rule 26(c)." Id. at 1176-78. In Chen, the court denied the request for a limitation to written questions and ordered that the oral deposition must proceed, albeit with such restrictions as the trial court would set, including a time limit, frequent recesses, and/or permitting a parent to be present. Id.

Balancing the competing interests in issue in this case, the Court finds that, like the opinions in Jennings and Chen, the opinion from Mr. Correia's treating provider is similarly conclusory and speculative with regard to whether the deposition on oral examination will have the adverse impact predicted so that it does not supply sufficient good cause to deny Defendants this critically necessary discovery. Therefore, the Court reluctantly orders that this deposition on oral examination must proceed, provided that the parties shall afford such accommodations to Mr. Correia as may mitigate the adverse impact on him, such as limiting the amount of time he must testify in a single day or advising the Court of the date and time of the deposition so that the Court can quickly be reached if judicial intervention is needed, as well as any other limits that do not overly interfere with Defendants' need for this critical discovery as Mr. Correia's attorney may suggest. As to the use of exhibits, the Court orders that the parties shall meet and confer about the exhibits proposed to be used so that Mr. Correia can be prepared by his attorney to know what to expect, that video/audio exhibits shall be prepared so that the portions of video that are likely to be more upsetting are excised to be used separately and only if necessary. Defendants shall strive to avoid the use of material identified by Mr. Correia's attorney as distressing, unless clearly necessary.

Based on the foregoing, the motion for a protective order of non-party Mr. Shawn Correia (ECF No. 102) is granted in part and denied in part.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 24, 2025